CRONE, Judge,
concurring in part and dissenting in part.
I agree with the majority that the only reasonable inference that may be drawn from the undisputed designated evidence is that Konrad MWS is the alter ego of Konrad Electric. I also believe that the only reasonable inference that may be drawn from the undisputed designated evi *1167 dence is that Konrad Electric was “merely a sham corporation in existence to allow the Lambrechts to escape liability” and that the trial court properly pierced the corporate veil. Op. at 1164. Therefore, I respectfully dissent as to that issue.
Konrad Electric may have had many of the outward trappings of a bona fide corporation, such as banking and payroll records, but, as the majority observes, it was incorporated with “limited assets consisting of a used service truck, a compressor, and several metal benches”; it “did not hold annual shareholder meetings as required by its bylaws”; and “after Magne-tech filed the lawsuit against Konrad Electric, Konrad Electric ceased taking new customers and suspended business operations, and the Lambrechts formed Konrad MWS and continued operating under the new company.” Id. at 1164. All three of these factors, and especially the last, establish beyond reasonable dispute that Konrad Electric was a mere instrumentality of the Lambrechts, who observed corporate formalities only when it suited them and essentially shifted the corporation’s only assets, i.e., its corporate opportunities with its existing customer base, to a new corporation in order to avoid judgment in Magnetech’s lawsuit. Although piercing the corporate veil is, and should be, a rare occurrence on summary judgment because of the highly fact-sensitive nature of the inquiry involved, I believe that it is appropriate when the relevant facts are undisputed and lead to only a single reasonable conclusion. The trial court reached the right conclusion here.